UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

YVONNE C. JONES,

        Plaintiff,

v.

OCWEN FINANCIAL CORP.
ET AL.,

        Defendants.
_____/

CASE NO. 3:15-CV-1272
HON. GEORGE CARAM STEEH*

**ORDER ACCEPTING REPORT AND RECOMMENDATION AND
GRANTING DEFENDANTS' MOTION TO DISMISS [DOCS 26, 30]**

Plaintiff, Yvonne Jones, filed this action alleging wrongdoing related to the servicing of her residential mortgage by defendants Ocwen Financial Corporation and Ocwen Loan Servicing LLC (referred to collectively as "Ocwen" or defendants). The matter is before the court on Ocwen's renewed motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). The motion was referred to Magistrate Judge Newbern for report and recommendation.

---

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

- 1 -

The matter is presently before the court on Magistrate Judge Newbern's report and recommendation ("Report"), filed on September 29, 2017, which recommends that Ocwen's motion be granted and that this case be dismissed. The Report notes that Jones' complaint was a near-verbatim copy of a complaint filed by the Consumer Financial Protection Bureau and most of the states' Attorneys General against the same defendants. (*Consumer Financial Protection Bureau, et al. v. Ocwen Financial Corp. and Ocwen Loan Servicing, LLC*, Case No. 1:13-cv-02025-RMC (D.D.C. Dec. 19, 2013)). That lawsuit resulted in a consent decree under which Ocwen agreed to provide $12 billion to consumers who had been harmed by its loan servicing practices. Jones does not state whether she was eligible for, or received relief as part of, that action. Report at 2.

In its first motion to dismiss filed on January 7, 2016, Ocwen argued that Jones' complaint alleges acts and practices committed by defendants in servicing residential mortgage loans in general, but fails to include any specific allegations regarding her own loan or misconduct by Ocwen in servicing her loan. The motion further argues that the Tennessee Consumer Protection Act (TCPA) does not apply to foreclosure proceedings, and that the Consumer Financial Protection Act (CFPA) does not include a private right of action. Jones did not file a response.

Magistrate Judge Bryant recommended that the motion to dismiss be granted for failure to state a claim under the TCPA with any specificity or particularity and because the CFPA does not provide for a private right of action.

The court then learned that Ocwen had not served Jones with its motion to dismiss and vacated Magistrate Judge Bryant's report and recommendation. In the interim, however, Jones filed a brief in response to Ocwen's motion to dismiss in which she states that she did not authorize the sale of her mortgage to later servicers and therefore that Ocwen did not validly hold the note to her property when it foreclosed.

On November 11, 2016, Ocwen re-filed its motion to dismiss and repeated its arguments that the complaint makes only general allegations about unlawful industry practices, that the TCPA does not apply to foreclosure proceedings, and that the CFPA does not include a private right of action. Jones filed a response which includes facts regarding her mortgage transaction that were not alleged in her complaint. She states that on March 8, 2005, she executed a promissory note with Ameriquest Mortgage Company for the refinance of her property, and that Ocwen is now the servicer of that loan. Jones alleges that her signature had been forged on copies of her adjustable rate note and deed of trust that Ocwen

filed with its motion to dismiss. Jones further states that Ocwen "predatorily stock[ed]" [sic] her credit reporting agency to identify financial weaknesses to support foreclosure, and purchased insurance on her property and included the cost in her mortgage payment even though she gave proof that she procured her own insurance.

The Report concludes that Tennessee state and federal courts agree that the TCPA prohibits unfair or deceptive acts or practices affecting the conduct of any trade or commerce, and that trade or commerce under the statute does not encompass unfairness or deception related to debt collection, loan modification and loan foreclosure. Report at 7. Because Jones' complaint addresses deceptive practices in the context of acquiring, servicing and foreclosing her mortgage loan, the dispute arises from a mortgage transaction and the TCPA does not provide a cause of action in such circumstances. Report at 7-8. The Report then addresses Jones' claim under the CFPA and found that the claim fails because that statute does not afford a private right of action. Report at 8. The Report concludes that Ocwen's motion to dismiss should be granted.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court reviews *de novo* any portion of the report and recommendation to which a specific objection

is made. Fed. R. Civ. P. 72(b). A party challenging a report and recommendation must state its objections with specificity, and this court is not required to review any part of the report and recommendation that was not specifically objected to. See 28 U.S.C. U.S.C. Plaintiff Jones filed objections to the Report and defendants filed a response to those objections.

Plaintiff's objections consist of a lengthy factual recitation of the adjustable rate loan she originally took with Ameriquest and how that mortgage was transferred to defendant for servicing without her permission. She alleges that the assignments were forged and the deed of trust is missing. She concludes that defendants' actions amounted to fraud.

Plaintiffs' papers fail to make any specific objections to the Report filed by the magistrate judge. This court is only authorized to review any part of the Report to which a specific objection has been made. Therefore, the court accepts and adopts the well-reasoned Report filed by Magistrate Judge Newbern. Now, therefore,

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation is ACCEPTED as the holding of the court.

IT IS HEREBY FURTHER ORDERED that defendants' motion to dismiss is GRANTED.

**IT IS SO ORDERED.**

                                                  s/George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE

Dated: November 28, 2017